[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11092
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00199-FAM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2015)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

On February 28, 2003, Jeffrey Smith, having been found guilty by a jury, was sentenced to life imprisonment for carjacking and a consecutive term of 60 months for possession of a firearm in connection with that offense.  We affirmed his conviction and sentence initially, *United States v. Moseley,* 103 Fed. App'x 665 (Table) (11th Cir. 2004), and on remand from the Supreme Court following that Court's *Booker* decision, *United States v. Moseley,* 143 Fed. App'x 297 (Table) (11th Cir. 2005).

On November 1, 2014, Smith moved the District Court to modify his sentence pursuant to 18 U.S.C. § 3582.  The District Court denied the motion for lack of jurisdiction.  Smith now appeals.  He challenges his convictions on the ground, among others, that the District Court erred in its jury instructions.  He challenges his life sentence on several grounds, including that the District Court erred in its sentencing when it determined that Smith was a career criminal based on facts not found by the jury and denying his request for a downward departure.

Smith's motion did not indicate on which of the four subparts of § 3582 he is relying, but we assume that it is § 3582(c), which governs modifications to terms of imprisonment.  That subpart provides that a court may modify a sentence of imprisonment only if one of the following three circumstances exists: (1) the Bureau of Prisons has filed a motion and either "extraordinary and compelling reasons warrant such a reduction" or the defendant meets certain age and time-

2

already-served requirements; (2) another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification[1]; or (3) the defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)-(2).

Smith has not alleged the existence of any of the three circumstances of § 3582 (c) that could entitle him to the relief he is seeking.  Lacking a statutory basis to do so, the District Court did not have jurisdiction to entertain Smith's motion to modify his sentence.  Accordingly, the District Court properly denied that motion.

AFFIRMED.

---

[1]  Rule 35 provides for correction of a sentence within 14 days of sentencing, if the sentence resulted from "arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).